09-5026.011                                                    June 9, 2010

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| MARY BUCKSBAUM SCANLAN, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 09 C 5026 |
| | ) |
| MARSHALL EISENBERG; EARL | ) |
| MELAMED; NEAL, GERBER & | ) |
| EISENBERG LLP, an Illinois | ) |
| limited liability partnership; | ) |
| and GENERAL TRUST COMPANY, a South | ) |
| Dakota corporation, | ) |
| | ) |
| Defendants. | ) |

## ORDER

The court has considered the supplemental briefs and responses requested in the order of May 4, 2010 and believes it is able to give the plaintiff, Mary Bucksbaum Scanlan, the guidance she may need to plead Article III standing in her amended complaint.[1]

Our "tentative view" of what the plaintiff must allege to show injury—in—fact standing is now less tentative than it was before the supplemental briefs. It is likely that our ultimate ruling will be that in order to show standing against either the trust or attorney defendants, the plaintiff will have to allege, and

---

[1] At the oral argument of May 4, 2010, plaintiff indicated that she desired to file an amended complaint. We indicated that she would be given leave to do so, and this moots the Rule 12(b)(1) motions to dismiss the original complaint. We asked for supplemental briefs on the standing issue, however, to address some issues that will undoubtedly remain when the complaint is amended.

plausibly, that as a result of the transactions of which she complains the corpus of the trust has been reduced to an amount that is reasonably likely to be insufficient to fund the remaining support and best interest payments to which she will become entitled during the remainder of her life. Allegations as to the dollar value of the assets remaining in the trust at the present time, the amounts of the periodic payments plaintiff has received from the trust in the past (and accepted without objection) and her present age and health (bearing on her life expectancy) would be relevant. An allegation as to the plaintiff's assets and other sources of income (bearing upon her probable need for future payments from the trust) should also be helpful.

Plaintiff may, of course, file an amended complaint that does not include a plausible allegation of the kind we have suggested, and that is her privilege. But if she does so, she should be prepared with better arguments than she has produced thus far on the standing issue when the defendants again file Rule 12(b)(1) motions.

We emphasize that it will not be sufficient simply to allege in conclusory terms that the corpus of the trust may be insufficient to fund future discretionary payments. It will be necessary to allege facts sufficient to raise plaintiff's right to relief beyond a "speculative level," Bell Atlantic Corp. v.

Twombly, 550 U.S. 544, 555 (2007), and the claim must be "plausible on its face," id. at 570 .

\* \* \* \*

We have not addressed the defendants' Rule 12(b)(6) motions because it is unnecessary – and, we believe, inappropriate – to do so before deciding the standing question. On the assumption that the amended compliant may sufficiently allege standing, we will offer a couple of suggestions as to how some of the defendants' Rule 12(b)(6) arguments might be avoided.[2]

The original complaint is vague as to how the attorney defendants became responsible for representing the plaintiff in regard to the trust in question. That they represented her in regard to other matters does not create such an obligation, without specific facts that would justify that conclusion. The amended complaint should state the specifics of how the alleged representation in regard to the trust arose. If it was an oral contract, the details of how and when the contract was made should be pleaded. For example, if it arose as a result of a conversation between one of the defendants and the plaintiff, the time, place and content of the conversation should be pleaded. If plaintiff intends to allege a contract implied in fact, she should state the

---

[2] At oral argument we mentioned the prolixity of the complaint. The amended complaint should avoid the repetition and unnecessary factual detail that made the original complaint much longer than it needed to be and, in addition, difficult to read.

facts in sufficient detail to justify the inference that such a contract arose.  Plaintiff's impression that a contract can be formed by the subjective belief of the plaintiff alone has no legal basis.

Another suggestion is that the amended complaint should specify what harm the plaintiff suffered when NGE hired Michael Silver & Company to perform audits.  Specifically, what did Silver & Co. do wrong?  What was inaccurate or misleading about any of the audits?

## **CONCLUSION**

The plaintiff may file an amended complaint by June 30, 2010. The question of Article III standing should be decided before any Rule 12(b)(6) motion is filed.  Defendants may file their Rule 12(b)(1) standing motions by July 21, 2010, and plaintiff may reply by August 11, 2010.

DATE:       June 9, 2010

ENTER:      _____
            John F. Grady, United States District Judge